**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HENRY PRATT, | : | Civil No. 3:17-cv-1020 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CLAIRE DOLL, WARDEN, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Henry Pratt ("Petitioner"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his mandatory detention by ICE pursuant to § 236(c) of the Immigration and Nationality Act ("INA") pending the outcome of removal proceedings. (*Id.*). For relief, Petitioner requests a bond hearing. (*Id.* at p. 8). For the reasons set forth below, the Court will grant a writ of habeas corpus directing an Immigration Judge to conduct a bond hearing to determine if Petitioner is a flight risk or danger to the community.

## I. Background

Petitioner, a native and citizen of Liberia, entered the United States on August 25, 1997, as a non-immigrant visitor. (Doc. 5-1, p 8, Record of Deportable/ Inadmissible Alien). On June 16, 2009, his status was adjusted to lawful permanent resident. (Doc. 5-1, p. 5, Notice to Appear).

On November 20, 2015, Petitioner was convicted of forgery and access device fraud. (Doc. 5-1, p. 5, Notice to Appear; Doc. 5-1, pp. 7-11, Record of Deportable/ Inadmissible Alien).

On May 11, 2016, the United States Citizenship and Immigration Services' ("USCIS") Fraud Detection and National Security unit denied Petitioner's application for naturalization. (Doc. 5-1, pp. 3-4, Record of Deportable/ Inadmissible Alien). The USCIS then referred Petitioner's case to the Philadelphia ICE Office of Enforcement and Removal Operations. (*Id.*).

On February 13, 2017, immigration officials issued a Warrant for Arrest of Alien for Petitioner and served a Notice to Appear charging him as removable from the United States pursuant to section 237(a)(2)(A)(ii) of the INA for his convictions of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Doc. 5-1, pp. 3-5, Notice to Appear; Doc. 5-1, p. 11, Record of Deportable/ Inadmissible Alien; Doc. 5-1, p. 13, Warrant for Arrest of Alien). On February 13, 2017, Petitioner was taken into ICE custody. (Doc. 5-1, p. 13, Warrant for Arrest of Alien; Doc. 5-1, p. 17, Notice of Custody Determination). A deportation officer determined that Petitioner would be detained by the Department of Homeland Security pending a final administrative decision in his case. (Doc. 5-1, p. 17, Notice of Custody Determination). Petitioner requested review of his custody determination by an Immigration Judge. (*Id.*).

On February 28, 2017, an Immigration Judge denied Petitioner's request for a change in custody status, noting that he is subject to mandatory detention pursuant to § 236(c) of the INA, 8 U.S.C. § 1226(c), based on his convictions of two crimes involving moral turpitude. (Doc. 5-1, pp. 18-19, Decision and Order; Doc. 5-1, pp. 20-21, Order of the Immigration Judge with Respect to Custody). On June 13, 2017, the Board of Immigration Appeals affirmed the Immigration Judge's February 28, 2017 decision. (Doc. 5-1, pp. 22-25, BIA Decision).

## II. <u>Discussion</u>

This Court has jurisdiction over Petitioner's habeas petition and his claims challenging his prolonged pre-final order detention by ICE at the York County Prison as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, the Court notes that Petitioner is not subject to a final order of removal, as the immigration proceedings remain pending. Thus, this Court is forced to address whether Petitioner is entitled to habeas relief in the nature of his release from the York County Prison pending the outcome of his immigration proceedings, or to order a bond hearing.

Following Petitioner's conviction, there did exist a clear legal basis for ICE to detain him pending the outcome of removal proceedings. *See Diop v. ICE*, 656 F.3d 221, 230 (3d Cir. 2011). Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody

any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). However, this "mandatory detention" provision has limits. *See Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011). The Courts have cautioned that the constitutionality of detention is, at least to some extent, a function of the length of detention. *Id.* Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532 (2003), emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.*

In *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit further examined excessive detention claims under § 1226(c). The Third Circuit held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States:

> beginning sometime after the six-month time frame considered by *Demore*, and certainly by the time [the alien] had been detained for one year, the

> burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. . . . [T]he underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner's] continued detention was or is necessary.

*Chavez-Alvarez*, 783 F.3d at 478.

Petitioner was taken into ICE custody on February 13, 2017, and has now been detained by ICE for fourteen (14) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *See Diop*, 656 F.3d at 231. Thus, the Court will direct that Petitioner be granted a bond hearing to ascertain whether the Immigration Court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. *See Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012).

Following *Diop*, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the Immigration Court and the Board of Immigration Appeals. *See Gupta v. Sabol*, 2011 WL 3897964, *1 (M.D. Pa. 2011). The *Gupta* Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." *Id.* at *2. Thus, although this Court declines to grant the outright release of Petitioner in advance of a bond hearing, Petitioner's detention does require a bond hearing.

A separate Order shall issue.

Date: April 26, 2018

Robert D. Mariani
United States District Judge