## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY PRATT, | : | Civil No. 3:17-cv-1020 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CLAIRE DOLL, WARDEN, | : | |
| Respondent | : | |

### MEMORANDUM

Petitioner Henry Pratt ("Petitioner"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenged his mandatory detention by ICE pursuant to § 236(c) of the Immigration and Nationality Act ("INA") pending the outcome of removal proceedings. (*Id.*). For relief, Petitioner requested a bond hearing. (*Id.* at p. 8). On April 26, 2018, the Court granted the habeas petition in part and ordered that Petitioner be afforded an individualized bond hearing before an immigration judge. (Docs. 12, 13).

Presently pending before the Court is Petitioner's motion (Doc. 22) to enforce this Court's April 26, 2018 Order directing that an immigration judge conduct an individualized bond hearing. On May 23, 2018, an immigration judge held a bond hearing and determined that Petitioner's continued detention was warranted because he is a danger to the community and a significant flight risk. (Doc. 20). In his motion to enforce, Petitioner argues that he was not afforded an impartial individualized bond hearing, the immigration

judge failed to hold the government to the burden of proof, and the immigration judge denied Petitioner due process. (Doc. 22). Respondent argues that Petitioner failed to exhaust his administrative remedies by failing to appeal to the Board of Immigration Appeals ("BIA"), and Petitioner is not entitled to further habeas corpus relief because the conduct of his bond hearing did not violate his due process rights. (Doc. 24). For the reasons set forth below, the Court will deny Petitioner's motion to enforce.

Also pending before the Court is Respondent's motion (Doc. 18) for reconsideration and to stay the Court's Order of April 26, 2018. In the motion for reconsideration, Respondent argued that the Court should alter and vacate its April 26, 2018 Order because the United States Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), abrogated the Third Circuit decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015). (Doc. 19). In light of the Immigration Court's compliance with the underlying Order to afford Petitioner an individualized bond hearing, the motion for reconsideration and to stay will be dismissed as moot.

Respondent has also filed a motion (Doc. 25) for vacatur of the Court's April 26, 2018 Order. Respondent argues that this Court's decision, which is now rendered unreviewable because the bond hearing was conducted, can be the source of legal consequences in other cases in this area of law. Thus, Respondent requests that the Court

vacate its April 26, 2018 Order to prevent any resulting legal consequences of the unreviewable order due to mootness. The Court will grant Respondent's motion for vacatur.

I. **Background**

Petitioner, a native and citizen of Liberia, entered the United States on August 25, 1997, as a non-immigrant visitor. (Doc. 5-1, p 8, Record of Deportable/ Inadmissible Alien). On June 16, 2009, his status was adjusted to lawful permanent resident. (Doc. 5-1, p. 5, Notice to Appear).

On November 20, 2015, Petitioner was convicted of forgery and access device fraud. (Doc. 5-1, p. 5, Notice to Appear; Doc. 5-1, pp. 7-11, Record of Deportable/ Inadmissible Alien).

On May 11, 2016, the United States Citizenship and Immigration Services' ("USCIS") Fraud Detection and National Security unit denied Petitioner's application for naturalization. (Doc. 5-1, pp. 3-4, Record of Deportable/ Inadmissible Alien). The USCIS then referred Petitioner's case to the Philadelphia ICE Office of Enforcement and Removal Operations. (*Id.*).

On February 13, 2017, immigration officials issued a Warrant for Arrest of Alien for Petitioner and served a Notice to Appear charging him as removable from the United States pursuant to section 237(a)(2)(A)(ii) of the INA for his convictions of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Doc. 5-1, pp. 3-

5, Notice to Appear; Doc. 5-1, p. 11, Record of Deportable/ Inadmissible Alien; Doc. 5-1, p. 13, Warrant for Arrest of Alien). On February 13, 2017, Petitioner was taken into ICE custody. (Doc. 5-1, p. 13, Warrant for Arrest of Alien; Doc. 5-1, p. 17, Notice of Custody Determination). A deportation officer determined that Petitioner would be detained by the Department of Homeland Security pending a final administrative decision in his case. (Doc. 5-1, p. 17, Notice of Custody Determination). Petitioner requested review of his custody determination by an Immigration Judge. (*Id.*).

On February 28, 2017, an Immigration Judge denied Petitioner's request for a change in custody status, noting that he is subject to mandatory detention pursuant to § 236(c) of the INA, 8 U.S.C. § 1226(c), based on his convictions of two crimes involving moral turpitude. (Doc. 5-1, pp. 18-19, Decision and Order; Doc. 5-1, pp. 20-21, Order of the Immigration Judge with Respect to Custody). On June 13, 2017, the Board of Immigration Appeals affirmed the Immigration Judge's February 28, 2017 decision. (Doc. 5-1, pp. 22-25, BIA Decision).

On June 13, 2017, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).

On April 26, 2018, this Court granted the habeas petition in part and ordered that an immigration judge conduct a bond hearing. (Docs. 12, 13). On May 23, 2018, an immigration judge held a bond hearing, denied bond, and found that Petitioner's continued

4

detention was warranted because he is a danger to the community and a significant flight risk. (Docs. 20, 23).

On May 24, 2018, Respondent filed a motion for reconsideration requesting that the Court stay and vacate its April 26, 2018 decision based on the Supreme Court's recent decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). (Doc. 18).

On July 18, 2018, Petitioner filed a motion to enforce this Court's April 26, 2018 Order. (Doc. 22).

On August 1, 2018, Respondent filed a motion for vacatur of the Court's April 26, 2018 decision. (Doc. 25).

On August 3, 2018, the United States Court of Appeals granted Petitioner's motion for a stay of removal pending the adjudication of his petition for review. (Doc. 31-1).

The immigration court subsequently decided, *sua sponte*, to afford Petitioner another bond hearing. (*See* Doc. 31-2). On November 16, 2018, Petitioner appeared at the bond hearing and an immigration judge again denied bond. (Doc. 31-2). The immigration judge determined that Petitioner is a danger to the community and a flight risk. (*Id.*).

## II. Discussion

In his instant motion, Petitioner requests that this Court conduct its own bond hearing. (Doc. 22). In support, Petitioner argues that the immigration judge failed to comply with this Court's April 26, 2018 Order by not conducting an individualized bond hearing,

5

failing to hold the government to the burden of proof, and denying Petitioner due process. (*Id.*). Respondent counters that Petitioner must first exhaust his administrative remedies by filing an appeal with the BIA, and that Petitioner is not entitled to further habeas relief. (Doc. 24).

The Middle District of Pennsylvania has previously confronted the narrow issue presented by Petitioner's motion to enforce. In *Quinteros v. Sabol*, No. 4:15-cv-02098, 2016 WL 6525295 (M.D. Pa. Nov. 3, 2016), the court stated as follows:

> When a federal district court orders an immigration judge to conduct an individualized bond hearing as requested in a habeas petition, is it improper for the district court to retain jurisdiction for the purpose of conducting its own determination on the merits, prior to the petitioner exhausting his administrat[ive] remedies and the agency's decision becoming final? As a matter of both federalist principles and common-sense practicality, I consider it axiomatic that a federal court should not retain jurisdiction post-referral, but to the extent that it must, such review is necessarily limited to ensuring that the petitioner received the hearing he was owed in the first place. Accordingly, prior to satisfactory showings of exhaustion and finality, the district court should not revisit the merits of the immigration judge's determination. To do so would be premature and would otherwise disregard established constitutional bounds.

*Quinteros*, 2016 WL 6525295, at *1. The Court went on to provide that "an immigration judge's conducting an individualized bond determination . . . necessarily moot[s] an underlying habeas petition that solely requests such a hearing be held." *Id.*; *see Carmil v. Green*, 2015 WL 7253968, at *3 (D.N.J. Nov. 16, 2015) ("Petitioner has already received the sole relief available to him under *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir.

6

2011)] and *Chavez-Alvarez* [*v. Warden York Cnty. Prison*, 783 F.3d 469, 475 (3d Cir. 2015)], a bond hearing, and as such his Petition would be moot and would warrant dismissal for that reason instead.").

In *Pierre v. Sabol*, No. 1:11-cv-2184, 2012 WL 291794 (M.D. Pa. July 17, 2012), the court addressed a petitioner's motion to reopen his § 2241 action after it was closed upon referral to an immigration judge to conduct a bond hearing. Petitioner requested that the immigration judge reconsider his bail amount, or release him from detention. *Id.* at *1. The court denied petitioner's requests. *Id.* First, the court noted that the petitioner received the relief he requested, a hearing before an immigration judge, citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011), for the proposition that a "district court has authority to determine if there has been compliance with its earlier habeas order but acted properly in refusing to review the [immigration judge's] refusal to grant bond when the government complied with the habeas order by holding a hearing." *Id.*

Second, the court found that petitioner failed to exhaust his administrative remedies. The court stated that it could not consider petitioner's request for relief until he had exhausted his administrative remedies by appealing the bond decision to the BIA. *Id.*; *see Leonard*, 646 F.3d at 1160-61 (holding that petitioner failed to exhaust administrative remedies when he did not appeal the immigration judge's bond determination to the BIA before seeking habeas relief in district court); *Chajchic v. Rowley*, No. 1:17-cv-00457, 2017

7

WL 4401895, *3 (M.D. Pa. July 25, 2017), *adopted by*, Chajchic v. Rowley, No. 1:17-cv-457, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017) (providing that "aliens who receive a bond hearing before the immigration judge" are required to "exhaust their administrative remedies and raise any issues with the BIA prior to seeking federal habeas corpus relief").

The rule favoring exhaustion of administrative remedies as a prerequisite to the consideration of habeas corpus petitions acknowledges the deference which should be afforded to agency decisions, and fosters important institutional goals, including: "(1) allowing the appropriate agency to develop a factual record and apply its expertise[, which] facilitates judicial review; (2) permitting agencies to grant the relief requested[, which] conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors[, which] fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).

In the present matter, Petitioner has failed to exhaust his administrative remedies through an appeal of his bond decision to the BIA. Despite Petitioner's failure to exhaust, the Court nonetheless finds that there was compliance with its earlier Order, in that Petitioner received two independent and adequate bond hearings before two separate immigration judges. *See Quinteros*, 2016 WL 6525295, at *1; *Leonard*, 646 F.3d at 1161.

When reviewing a bond determination by an immigration judge following an order referring a case for individualized bond consideration, this Court's review is limited to three

8

essential considerations: (1) whether the decision of the immigration judge paid full fidelity to the law of the case; (2) whether there has been no plain legal error by the immigration judge in identifying and applying the controlling legal precepts; and (3) whether the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. *Chajchic*, 2017 WL 4401895, at *4-5.

As to the first consideration, the Court is satisfied that the bond hearings were in compliance with its April 26, 2018 Order, and in accordance with the law of the case. In rendering their decisions, the immigration judges considered the representations of the Government and Petitioner. (Docs. 20; 31-2). Both immigration judges denied Petitioner bond because he is a danger to the community and he poses a significant flight risk. (*Id.*). On December 4, 2018, the immigration judge found as follows:

> The Court finds that Applicant is a danger to the community due to his expansive criminal history and numerous convictions. He has been arrested at least thirteen times since 2000. *See generally* Guerrero Bond Ex. 2, Tab A. When questioned on this point, Applicant testified that he lived in a "bad area at that time" and was "targeted" for some of these arrests because he ran a small business. The Court finds this explanation unpersuasive. The Court also notes that the arrests occurred in three different states: New York, Georgia and Pennsylvania. Guerrero Bond Ex. 2, Tab A. Moreover, the Court finds that Applicant's five recent fraud related convictions, which occurred in 2011, 2014 and 2015, are evidence of Applicant's ongoing pattern of criminal behavior. Even though Applicant provided evidence that two of these convictions are pending appeal and that he has submitted Post Collateral Relief Act motions, he has not provided any evidence to convince this Court that his pattern of ongoing criminal behavior, spanning almost twenty years, will not continue. As such, the Court finds that the DHS has met its burden to prove by clear and convincing evidence that Applicant is a

> danger to the community.
>
> In addition, the Court finds that Applicant is a flight risk. Applicant is under a final order of removal. Guerrero Bond Ex. 2, Tab B; *see also* Guerrero Bond Ex. 2, Tab C. He had the opportunity to present his claim for relief during a full individual merits hearing, and was denied relief on September 14, 2017. *Id.* Moreover, the Court notes that Applicant's credibility was questioned during his merits hearing. Guerrero Bond Ex. 2, Tab B, p. 3. Because Applicant's pending appeal before the Third Circuit Court of Appeals is the only form of relief he has available, the Court finds that his relief is extremely limited. Further, the Court notes that Applicant is not likely to appear for future proceedings that may entail effectuating his removal to Liberia—a country to which Applicant has claimed fear of returning. Therefore, the Court finds that the DHS has met its burden to prove by clear and convincing evidence that Applicant is a flight risk.
>
> After considering the parties' arguments and evidence, the Court finds that the DHS has met its burden by clear and convincing evidence that Applicant is a danger to the community and a flight risk. As such, the Court finds that Applicant is properly detained and declines to set bond in his case. *See Matter of Fatahi*, 26 I&N Dec. 791 (BIA 2016); *Matter of Urena*, 25 I&N Dec. 140 (BIA 2009); *see also Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006).

(Doc. 31-2, pp. 6-7). While Petitioner "may be dissatisfied with this individualized assessment, it cannot be said that the Immigration Judge did not follow the law of the case, as prescribed by this court and conduct an individualized bond hearing." *Chajchic*, 2017 WL 4401895, at *4.

In considering the second factor, this Court finds no plain legal error by the immigration judges in identifying and applying the controlling law. As noted above, the immigration judges correctly noted that the burden of proof and persuasion rested on the Government and it had to carry that burden of proof by clear and convincing evidence.

(Docs. 20; 31-2). The immigration judges found that the Government met its burden of proof, by clear and convincing evidence, that Petitioner was a flight risk. (*Id.*). Because the immigration judges properly articulated the legal standard, the Court finds no legal error in this case.

Finally, in considering the third factor, the Court does not find that the immigration judges' exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. When reviewing a discretionary denial of bond, the degree of arbitrariness necessary to state a constitutional claim is striking and the petitioner "bears the burden of showing that there is no rational basis in the record for the denial of bail." *Martin v. Diguglielmo*, 664 F. Supp. 2d 612, 621 (W.D. Pa. 2008) (quoting *Finetti v. Harris*, 609 F.2d 594, 601 (2d Cir. 1979)). Indeed, "federal courts do not sit as appellate courts to review the use or abuse of discretion of [other] courts in the granting or denying of bail," but rather, the "burden is on [the] petitioner to show that the record is devoid of a rational basis for the denial." *Gorton v. Marsteller*, 545 F. Supp. 994, 997-98 (D. Kan. 1982) (internal citations omitted); *Colavita v. Pennsylvania*, 2009 WL 616649, at *4 (E.D. Pa. Mar. 6, 2009) ("To sustain a federal claim, a petitioner must demonstrate the denial of bail was arbitrary or without any rational basis."). The Court finds that the immigration judges' discretionary decisions to deny bond to Petitioner were rational. Accordingly, because the immigration judges' conclusions were rational and not arbitrary or without rational basis, the

Court will deny Petitioner's motion to enforce.

## III. Conclusion

Based on the foregoing, the Court will deny Petitioner's motion to enforce this Court's Order of April 26, 2018. A separate Order shall issue.

Date: February 20, 2019

Robert D. Mariani
United States District Judge